IN THE UNITED STATES DISTRICT COURT

**JOHNTAVIOUS RABB**
**Plaintiff,**

v.                                                        Civil Action No._____

**CHIEF WILL LYND**
**Defendant.**

## COMPLAINT

COMES NOW Plaintiff Johntavious Rabb, and states as follows for his Complaint against the Defendant, Chief Will Lynd of the Springhill, Louisiana Police Department.

## NATURE OF ACTION

1. This is a civil action brought pursuant to 42 U.S.C. § 1983 seeking damages against the Defendant for acts committed under the color and authority of state law, which deprived Ryan Cooper of rights secured under the Constitution and laws of the United States of America.

2. In addition, this action seeks damages against the Defendant for wrongful injury from the use of excess force in violation of 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

3. Jurisdiction exists in this case pursuant to the Fourth and Fourteenth Amendments of the U.S. Constitution, 42 U.S.C. § 1983 and § 1988, and 28 U.S.C. §1331, § 1343 and § 2202.

4. This Court has pendent and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because the events underlying this action occurred within the jurisdiction of the United States District Court for the State of Louisiana, Monroe division.

## FACTS COMMON TO ALL COUNTS

6. Johntavious Rabb was born in . At all relevant times herein, Cooper was a resident of Springhill, Louisiana and/or Webster Parish, Louisiana.

7. Rabb was shot and wounded by Chief Will Lynd of the Springhill Police Department on January 15, 2016.

8. Springhill Police were executing an arrest warrant for Rabb at the time of the shooting.

9. Springhill Police cordoned off the area at Rabb's home detaining several individuals when Mr. Rabb ran into this back yard chased by Chief Lynd.

10. After being chased into the backyard Mr. Rabb ran towards the front yard in the direction of the other police officers when he was shot in the back by Chief Lynd, who was using rubber bullets.

11. At no time was Rabb armed with any weapon, nor did he attempt to commit a battery on any one at the scene.

12. During the incident the defendant did not use handcuffs, baton, or pepper spray to incapacitate the defendant, he did, however, use force through the form of firing several rounds at Cooper and striking him.

13. Rabb asserts that he posed no threat to any officers physically yet Chief Lynd resorted to firing his weapon shooting the victim in the back of the head.

14. At all relevant times herein, Defendant was acting within the course and scope of his employment within the Springhill Police Department.

27. At all relevant times herein, Defendant was acting under color and authority of state

law.

## COUNT I -- DEPRIVATION OF CIVIL RIGHTS -- 42 U.S.C. § 1983

29. Plaintiff restates and incorporates herein the allegations set forth in Paragraphs 1 through 28 of the Complaint.

30. The actions of Defendant as set forth above constituted a "seizure" of Rabb under the Fourth Amendment of the U.S. Constitution, and as further applied to state action under the Fourteenth Amendment of the U.S. Constitution.

31. Through his use of excessive force on Rabb, which resulted in the critical injury of Rabb, Defendant effectuated an unreasonable seizure of Rabb in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution.

32. Through this action against Rabb, and further through his use of excessive force, Defendant acted intentionally, carelessly, recklessly, and with malice and/or deliberate indifference to the safety, well being, and federally protected rights of Rabb, and in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution.

33. As a direct and proximate result of Defendant's actions, Rabb was wrongfully, unreasonably, and unlawfully shot under the color and authority of state law.

34. As a direct and proximate result of Defendant's actions, Plaintiff sustained severe injuries as well as great pain of mind and body, as well as accruing medical expenses from his injuries.

WHEREFORE, FOR THE FORGOING REASONS, Plaintiff Ryan A. Cooper, prays for and demands judgment against Defendant Deputy Ken Slocum and the Union Parish Police department as follows:

(1)     Compensatory damages

(2)     Punitive damages plus pre-judgment and post-judgment interest;

(3)     An award for attorneys' fees and costs herein expended as authorized by 42 U.S.C. § 1988.

(4)     Such other legal and equitable remedies as may be allowed by law.

DATED:     10/31/2016

RYAN A. COOPER


By: <u>S/S Robert S. Noel, II</u>
Bar No. 17337
Attorney for Johntavious Rabb
2901 Evangeline
Monroe, Louisiana 71201
(318) 388-1700